| NONPRECEDENTIAL DISPOSITION |
| :---: |
| To be cited only in accordance with |
| Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2007[*]
Decided May 22, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 07-1036

| | |
| :--- | :--- |
| ELISA SUAREZ, | Appeal from the United States |
|     *Plaintiff-Appellant,* | District Court for the Northern |
| | District of Illinois, Eastern Division |
|     *v.* | |
| | No. 05 C 4915 |
| SACRED HEART HOSPITAL, | |
|     *Defendant-Appellee.* | Robert W. Gettleman, |
| | *Judge.* |

## O R D E R

Elisa Suarez, a former laboratory technologist at Sacred Heart Hospital, sued Sacred Heart alleging that it fired her in violation of the Age Discrimination in Employment Act (ADEA), 42 U.S.C. § 621 *et seq*. The district court granted Sacred Heart's motion for summary judgement, determining that Suarez had not established a prima facie case for age discrimination. We affirm.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

   As the district court noted, Suarez failed to comply with Northern District of Illinois Local Rule 56.1(b)(3), which requires a party opposing a motion for summary judgment to file a statement identifying any disputes with the moving party's statement of material facts.  Because Suarez did not do so, the district court properly deemed Sacred Heart's statement of facts to be undisputed, *see* N.D. Ill. R. 56.1(b)(3)(C); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).  *See also McNeil v. United States*, 508 U.S. 106, 113 (1993) (pro se civil litigants required to follow procedural rules); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) (district court may require "strict compliance" with Rule 56.1).

   According to Sacred Heart's statement of facts, Suarez was hired in December 2002 as a laboratory technologist; her duties consisted of analyzing patients' blood and urine samples.  In August 2003 she was disciplined for mislabeling specimen tubes and was issued a written warning.  Two months later she improperly performed a hematology test, and her boss warned her that she could be fired if she made another mistake.  In her July 2004 performance appraisal, Suarez was again instructed that her performance needed to improve.  The next month she participated in a quality assurance test conducted by the College of American Pathologists (CAP), which regulates Sacred Heart's laboratory to ensure that it meets government-mandated control standards.  Suarez incorrectly analyzed nine test specimens, and thus received nine "unacceptable" ratings, the most in the laboratory.  She next participated in a CAP test in March 2005, and this time she incorrectly analyzed 18 specimens, again more than any other laboratory technologist.  Suarez did not dispute the accuracy of the CAP test results and conceded that her errors could compromise Sacred Heart's accreditation and patient care.  In May 2005 the Vice President of Operations fired Suarez, who was then 64.

   Suarez filed a form employment-discrimination complaint, suing Sacred Heart under the ADEA for firing her "on the spot" without an adequate investigation of her CAP test results.  According to Suarez, Sacred Heart usually permits a technologist to correct CAP test errors without being automatically fired, but this procedure was not followed in her case because of her age, she alleges.  Sacred Heart moved for summary judgment arguing that Suarez had not made out a prima facie case for age discrimination.

   The district court granted Sacred Heart's motion for summary judgment.  The court analyzed Suarez's claims under the indirect method of proof, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), which required Suarez to show that (1) she was more than 40; (2) she met Sacred Heart's legitimate job expectations; (3) she was discharged; and (4) she was treated differently from a similarly-situated substantially younger employee or Sacred Heart hired a substantially younger employee to replace her.  *See Olson v. Northern FS, Inc.*, 387 F.3d 632, 635-36 (7th Cir. 2004); *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1090

(7th Cir. 2000). The court noted that Suarez met the first and third prongs because she was 64 years old at the time she was terminated. But the court determined that Suarez could not show that she met Sacred Heart's legitimate job expectations because she made multiple errors that could have compromised patient care and jeopardized the laboratory's accreditation. Further, her replacement was not substantially younger. Nor could Suarez identify a similarly situated younger employee who was treated differently, because no other employee had made as many errors. Finally, even if she could make out a prima facie case, the court determined that she could not show that the proffered reason for her discharge—poor performance—was pretextual.

We review a district court's grant of summary judgment de novo. *See Cady*, 467 F.3d at 1060. Although we rely on the facts submitted by Sacred Heart and adopted by the district court, *see Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 937 (7th Cir. 2003), we view those facts in the light most favorable to Suarez, *see Cady*, 467 F.3d at 1060-61.

If we construe her brief liberally, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), Suarez appears to dispute the court's finding that she did not meet all of the *McDonnell Douglas* factors. Specifically, Suarez argues that the district court erred in finding that she was not meeting Sacred Heart's legitimate job expectations. She submits for the first time on appeal that she met these expectations because, for example, she was trained by the manufacturers of the machines that she operated, she was given the responsibility of training new employees, and she received regular salary increases. But none of her assertions calls into question her admission that her errors could have posed a risk to patient care and laboratory accreditation. Because of the serious nature of these undisputed risks, as well as the warnings she had been given, it was proper for the court to find that she did not meet Sacred Heart's legitimate job expectations.

Suarez also suggests that the district court erred in its analysis of the legitimate-expectations prong by disregarding evidence of a successful claim for unemployment benefits that she filed with the Illinois Department of Employment Security. In that proceeding, the agency determined that she did not engage in "willful or deliberate act[s]" constituting "misconduct." But as the district court noted, the agency made its determination in response to Suarez's claim for unemployment benefits, and its conclusion is irrelevant to her age discrimination claim. The issue here is whether she met Sacred Heart's legitimate job expectations, not whether she engaged in misconduct that would justify a denial of unemployment benefits. *See Johnson v. Univ. of Wisconsin-Milwaukee*, 783 F.2d 59, 62 (7th Cir. 1986).

 Suarez's failure to establish any single factor of her prima facie case defeats her discrimination claim. *See Bio v. Fed. Express Corp.*, 424 F.3d 593, 596 (7th Cir. 2005). In any event, Suarez cannot show that Sacred Heart's decision to fire her was a pretext for discrimination. Sacred Heart asserts that it discharged her for poor performance, and she has introduced no evidence to show that this explanation is a lie. *See Burks v. Wis. Dept. of Transp.*, 464 F.3d 744, 754 (7th Cir. 2006). Thus the district court's grant of summary judgment was appropriate.

                       AFFIRMED.